UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JEREMY HAMM, *et al.*, Individually and on behalf of All Others Similarly Situated, : : : Plaintiffs, : vs. : : SOUTHERN OHIO MEDICAL CENTER, : : Defendant. : | Case No. 1:16-cv-935<br><br>Judge Timothy S. Black |

**ORDER DENYING AS MOOT THE PARTIES'
JOINT MOTION FOR LEAVE
TO FILE SETTLEMENT AGREEMENT UNDER SEAL (Doc. 25)
AND GRANTING THE PARTIES'
JOINT MOTION TO APPROVE SETTLEMENT
AND DISMISS CASE (Doc. 26)**

This case is before the Court on the parties' joint motion to file settlement agreement under seal (Doc. 25) and joint motion to approve settlement and dismiss the case (Doc. 26).

## I. INTRODUCTION

On September 19, 2016, Plaintiff Jeremy Hamm, a security officer at Southern Ohio Medical Center ("SOMC"), filed this action alleging that his employer violated the Fair Labor Standards Act ("FLSA") through enforcement of its policy of automatically deducting a 30 minute meal period from each security officer's shift.

On March 10, 2017, the Court granted Mr. Hamm's motion for FLSA conditional certification. (Doc. 22). On June 8, 2017, Plaintiffs filed an Amended Complaint (Doc. 23) to reflect the fact that one additional plaintiff, David Morales, had opted-in.

The parties have resolved the issues in this case and executed a settlement agreement ("Settlement Agreement") (Doc. 26-1). Under the Settlement Agreement, *inter alia*, SOMC agreed to make payments to the Plaintiffs for attorneys' fees, wage-based damages, and non-wage based damages, and Plaintiffs agreed to release their claims against SOMC. (*Id.*)

## II. ANALYSIS

### A. The parties' joint motion to file the Settlement Agreement under seal is moot.

On August 25, 2017, the parties filed a joint motion for leave to file the Settlement Agreement under seal. (Doc. 25). The parties argued that they agreed to keep the Settlement Agreement confidential, and without confidentiality of the Settlement Agreement, SOMC would be deprived of a benefit that was the basis for their settlement bargain.

During a duly scheduled status conference on August 29, 2017, the Court advised the parties that, pursuant to Sixth Circuit jurisprudence, litigants cannot simply agree to file a document under seal; instead, the party requesting the seal must demonstrate compelling reasons why the filing should be kept off the public docket. The Court forwarded the parties relevant Sixth Circuit case law on the issue, including *Klingenberg v. Fed. Home Loan Mortg. Co.*, 658 Fed. Appx. 202, 207 (6th Cir. 2016) and *Shane Grp. Inc. v. Blue Cross Blue Shield*, 825 F.3d 299, 305-306 (6th Cir. 2016), and asked the parties to identify compelling reasons justifying their request for a seal consistent with the standards provided by the Sixth Circuit. Counsel for SOMC advised that they did not

2

have any additional compelling reasons for filing the Settlement Agreement under seal aside from the fact that the opt-in period had closed. In any event, on September 8, 2017, the parties filed their joint motion to approve settlement and dismiss the case (Doc. 26), which includes an unredacted, public copy of the Settlement Agreement (Doc. 26-1).

As the parties have already filed a public version of the Settlement Agreement (Doc. 26-1), the parties' joint motion to file the Settlement Agreement under seal (Doc. 25) is **DENIED as MOOT**.

### B. The Settlement Agreement is fair and reasonable.

As a general rule, employees' claims under the FLSA are non-waivable and may not be settled without supervision of either the Secretary of Labor or a district court. *Gentrup v. Renovo Servs. LLC*, No. 1:07-cv-430, 2011 U.S. Dist. LEXIS 67887, at * 6 (S.D. Ohio June 24, 2011) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982)). The proper procedure for obtaining court approval is for the parties to present to the court a proposed settlement, upon which the district court may enter a stipulated judgment only after scrutinizing the settlement for fairness. *Id.* If a settlement in an employee FLSA suit reflects "a reasonable compromise over issues," such as FLSA coverage or computation of back wages that are "actually in dispute," the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.*

The Sixth Circuit has counseled that a district court should consider the following factors in determining whether the settlement of an FLSA claim is fair and reasonable: (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the

3

litigation; (3) the amount of discovery completed; (4) the likelihood of success on the merits; (5) the opinion of counsel and representatives; and (6) public interest in the settlement. *See UAW v. GMC*, 497 F.3d 615 at 631 (6th Cir. 2007).

The Court may choose to consider only factors that are relevant to the settlement at hand and may weigh particular factors according to the demands of the case. *Gentrup*, 2011 U.S. Dist. LEXIS 67887, at * 8 (citation omitted). In certain cases, a court may consider each factor individually. *Id.* "More often, however, inquiry into one factor necessarily overlaps with inquiry into another." *Id.* at * 9.

The Court finds the parties' motion for approval of settlement to be well-taken. The parties represent there are bona fide disputes as to the number of hours Plaintiffs worked, whether they were entitled to overtime under the FLSA for those hours, whether Defendant's actions were willful, and whether Defendant acted in good faith. (Doc. 26 at 2). There is no evidence of fraud or collusion. It is evident from the parties' briefs filed in support of, and in opposition to, Mr. Hamm's motion for conditional certification that each party has performed significant factual and legal research in support of their claims. Counsel for both parties represent that the Settlement Agreement is fair and reasonable. (*Id.*)

Continued litigation would involve considerable expenditures of time and resources of the parties and the Court. If this case were to continue, the parties would continue discovery and likely engage in lengthy dispositive motion briefing.

"The likelihood of success . . . . provides a gauge from which the benefits of the settlement must be measured." *Gentrup*, 2011 U.S. Dist. LEXIS 67887, at * 9. The

ultimate question is whether the Plaintiffs are better served if the litigation is resolved by the settlement rather than pursued. *Id.* Here, the risks posed by Defendant's categorical denial of Plaintiffs' claims justifies a compromise which provides an immediate settlement payment to the Plaintiffs. As the parties recognize, the Settlement Agreement does not represent a compromise of guaranteed rights but of contested rights. (Doc. 26 at 2).

After reviewing the parties' Settlement Agreement, and all the filings in this matter, the Court agrees with the parties' representations and finds that the Settlement Agreement is fair and reasonable. Accordingly, the Court **GRANTS** the parties' joint motion to approve settlement and dismiss the case (Doc. 26).

### III. CONCLUSION

For the foregoing reasons:

1. The parties' joint motion to file the Settlement Agreement under seal (Doc. 25) is **DENIED AS MOOT**;

2. The parties' joint motion to approve settlement and dismiss the case (Doc. 26) is **GRANTED**; and

3. This case is **DISMISSED with PREJUDICE.**


**IT IS SO ORDERED.**

Date: 11/14/17

Timothy S. Black
United States District Judge

5